GINA L. DURHAM (SBN 295910)
gina.durham@us.dlapiper.com
AISLINN SMALLING (SBN 335911)
aislinn.smalling@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105
Tel:  415-836-2506
Fax: 415-659-7333

KRISTINA FERNANDEZ MABRIE (SBN 318315)
kristina.fernandezmabrie@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel.:   (310) 595-3000

Attorneys for Defendant
COINBASE GLOBAL, INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANOLABS, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>COINBASE GLOBAL, INC., a Delaware corporation<br><br>  Defendant. | Case No. 3:23-cv-844<br><br>**ADMINISTRATIVE MOTION TO ENLARGE DEFENDANT'S TIME TO RESPOND TO THE COMPLAINT UNDER N.D. CAL. CIV. L.R. 6-3 AND 7-11**<br><br>Complaint Filed: February 24, 2023 |

This administrative motion is necessary because counsel for Plaintiff NanoLabs, Inc. ("Plaintiff") has refused to provide the basic professional courtesy of a reasonable seven (7) day extension for Defendant Coinbase Global, Inc. ("Defendant") to respond to the Complaint, which is currently due on Thursday, May 11, 2023.

Plaintiff's only stated justification for refusing this extension is that it does not want any delay in moving the case forward. But a very short extension is appropriate here because: (1) Plaintiff filed its Complaint on February 24, 2023 and, despite Defendant's agreement to waive service pursuant to Fed. R. Civ. Proc. 4, Plaintiff waited until April 20, 2023, to serve Defendant via personal service in order to deprive Defendant of the sixty days that it would have had to respond under the agreed upon waiver; (2) an initial case management conference is not scheduled to be held in this case until May 26, 2023, *see* ECF No. 13; and (3) Defendant intends to file a partial motion to dismiss and an answer concurrently therewith but requires additional time to further investigate several of Plaintiff's alleged claims.

Based on the above, there is ample justification for a short seven-day extension. Pursuant to Civil Local Rules 6-3 and 7-11, Defendant respectfully requests an extension of seven (7) days, until May 18, 2023, to respond to the Complaint.

## I.     BACKGROUND

Plaintiff NanoLabs filed its Complaint in this action against Defendant Coinbase on February 24, 2023. The Complaint consists of 85 paragraphs, has 22 pages of exhibits incorporated into the allegations of the Complaint by reference, and purports to state 5 separate causes of action (including for alleged trademark infringement, false designation of origin, common law trademark infringement, unfair competition, and interference with prospective economic relations). *See* ECF No. 1. The same day the Complaint was filed, February 24th, Plaintiff's counsel emailed counsel for Defendant and asked whether Defendant would be willing to waive service or if Defendant's counsel would accept it on Defendant's behalf. Declaration of Kristina Fernandez Mabrie in Support of Defendant' Motion to Enlarge Time to File Response to Plaintiff's Complaint ("Mabrie Decl.") ¶ 2, Ex. A. Defendant responded on February 27, 2023, agreeing to waive service and requesting the

waiver form pursuant to Fed. R. Civ. Proc. 4. *Id*. Plaintiff responded shortly thereafter confirming that it would "send the waiver form shortly." *Id*. The waiver form was never sent. Mabrie Decl., ¶ 3.

On April 1, 2023, Defendant's counsel had a call with Plaintiff's counsel to discuss the litigation and potential mediation. During the call, Plaintiff's counsel threatened to back out of the parties' agreement to waive service if Defendant did not agree to mediate prior to launching into litigation. Mabrie Decl. ¶ 5. Given the status of informal settlement discussions, Coinbase declined Plaintiff's demand for the early mediation on April 9, 2023 but confirmed that it was still willing to waive service. *Id*.

On April 20, 2023, Plaintiff served the Complaint via personal service on Defendant's registered agent. *Id*. ECF No. 10. Had Plaintiff not reneged on the agreement to waive service, Defendant's response would have been due June 19, 2023. Instead, Defendant's response is due today, May 11, 2023. On May 10, 2023, counsel for Defendant requested a seven-day enlargement of time to answer or otherwise respond to the Complaint and explained that Defendant was still investigating certain allegations made by Plaintiff. Plaintiff refused to accommodate any enlargement of time. Mabrie Decl., ¶ 6.

Given Plaintiff's refusal to provide the courtesy of an extension, Defendant is forced to seek relief from the Court with this administrative motion. Defendant therefore seeks a reasonable enlargement of seven (7) additional days to respond to the Complaint, until and including May 18, 2023.

**II.  ARGUMENT**

A seven-day extension of the deadline for Defendant to respond to the Complaint is reasonable, necessary, and appropriate here. First, Defendant has valid grounds to seek an extension of time to respond to Plaintiff's Complaint; namely, to investigate the factual matters asserted in the Complaint so that it may comply with its obligations under Fed. R. Civ. Proc. 8, which requires that Defendant either admit or deny, to the best of its ability, the averments in the Complaint. As Defendant communicated to Plaintiff, Defendant only needs seven additional days in order to finish

1  its investigation. Mabrie Decl., ¶ 6. Further, Defendant agreed to waive service for the precise
2  reason that it would allow Defendant sufficient time to investigate the claims asserted. Mabrie Decl.,
3  ¶ 4. Plaintiff reneged on the waiver agreement in order to prejudice Defendant for not agreeing, at
4  this juncture, to mediation. Mabrie Decl., ¶ 5.

5       Second, on May 10, 2023, Defendant attempted to reach a stipulation with Plaintiff's counsel
6  concerning a seven day enlargement of time sought through this motion. Mabrie Decl. ¶ 6. Plaintiff's
7  counsel plainly refused without citing any justifiable reason for the refusal. (L-R 6-3(a)(2)); Mabrie
8  Decl. ¶ 6.

9       Third, if the requested extension is not granted, Defendant will suffer prejudice in that it will
10 be forced to file responsive pleadings with incomplete information and, subsequently could be
11 required to incur the burden and expense of amending its pleadings to meet its obligations under
12 Fed. R. Civ. Proc. 8. Moreover, granting a brief extension of time will not prejudice Plaintiff in any
13 way -- particularly given Plaintiff's delay in serving its Complaint and, bizarrely, refusing to accept
14 Defendant's waiver of service that it initially requested. (L-R 6-3(a)(3)). Fourth, there have been
15 no prior time modifications in this case. (L-R 6-3(a)(5)). Finally, extending the time for Defendant
16 to file a response to Plaintiff's Complaint would not impact the scheduling of this case in any way.
17 This case was filed three months ago, served less than a month ago, and is still in its inception. No
18 trial date or other case scheduling dates have been set, let alone impacted by providing a brief
19 extension of time for Defendant to file a response to Plaintiff's Complaint. (L-R 6-3(a)(6)). The
20 extension requested by Defendant is so brief that its responsive pleading will be on file even before
21 the initial case management conference occurs.
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27
28

3
NOTICE OF MOTION AND MOTION TO ENLARGE DEFENDANT'S TIME TO RESPOND TO THE COMPLAINT
CASE NO 3:23-CV-844

# CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court enlarge the time for it to file a response to Plaintiff's Complaint by seven (7) calendar days to May 18, 2023.

Dated:  May 11, 2023

Respectfully submitted,

DLA PIPER LLP (US)

By: */s/ Gina L. Durham*
GINA L. DURHAM
AISLINN SMALLING
KRISTINA FERNANDEZ MABRIE

Attorneys for Defendant
COINBASE GLOBAL, INC.