GINA DURHAM, Bar No. 295910
*gina.durham@us.dlapiper.com*
AISLINN N. SMALLING, Bar No. 335911
*aislinn.smalling@us.dlapiper.com*
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel:    415.836.2500
Fax:    415.836.2501

KRISTINA FERNANDEZ MABRIE, Bar No. 318315
*kristina.fernandezmabrie@us.dlapiper.com*
**DLA PIPER LLP (US)**
2000 Avenue of the Stars, Suite 400 North Tower
Los Angeles, CA 90067-4704
Tel:    310.595.3077
Fax:    310.595.3377

*Attorneys for Defendant*
*Coinbase Global, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANOLABS, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> COINBASE GLOBAL, INC., a Delaware corporation, <br><br> Defendant. | Case No.  3:23-cv-844 <br><br> **DEFENDANT COINBASE GLOBAL INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATIONS OF ORGIN, AND CALIFORNIA COMMON LAW TRADEMARK INFRINGEMENT, AND UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES** |
| COINBASE GLOBAL, INC., a Delaware corporation, <br><br> Counterclaimant, <br><br> v. <br><br> NANOLABS, INC., a Delaware corporation <br><br> Counterdefendant. | |

Defendant and Counterclaimant Coinbase Global, Inc., a Delaware corporation ("Coinbase")[1], through its undersigned counsel, hereby answers and asserts affirmative defenses to the First Amended Complaint for Federal Trademark Infringement, Federal False Designation of Origin, California Common Law Trademark Infringement, and Unfair Competition and Unfair Business Practices ("FAC") of Plaintiff NanoLabs, Inc. ("NanoLabs"), dated June 8, 2023. ECF No. 22. Coinbase's answers and affirmative defenses are based on information and knowledge thus far secured by Coinbase, and Coinbase reserves the right to amend or supplement its answers and affirmative defenses based on facts later discovered, pleaded, or offered. The numbered paragraphs below correspond to the numbered paragraphs in the FAC. To the extent that any express or implied allegations in the FAC are not specifically admitted herein, Defendant hereby denies such allegations.

## PARTIES

1. Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 1 of the FAC, and therefore denies those allegations.

2. Coinbase admits it is a Delaware corporation. Coinbase denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

1. Coinbase admits that the Court has subject matter jurisdiction over the claims asserted in the First through Fourth Causes of the FAC but denies that the FAC includes a claim for conversion.

2. Coinbase denies that diversity jurisdiction exists as both parties are incorporated in Delaware.

3. Coinbase does not contest personal jurisdiction or venue for purposes of this case. Coinbase lacks sufficient knowledge or information to form a belief as to the allegation that "a

---

[1] Coinbase Global, Inc. is not the operating entity for the derivatives exchange referenced in this pleading. In 2014, Coinbase Global, Inc. was incorporated as a Delaware corporation to act as the holding company of several Coinbase subsidiaries. LMX Labs, LLC dba Coinbase Derivatives Exchange operates the derivatives exchange.

substantial part of the events giving rise to the claim occurred in this district" and therefore denies this allegation.

### FACTUAL BACKGROUND

4.      Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 4 of the FAC, and therefore denies those allegations.

5.      Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 5 of the FAC, and therefore denies those allegations.

6.       Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 6 of the FAC, and therefore denies those allegations.

7.      Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 7 of the FAC, and therefore denies those allegations.

8.      Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 8 of the FAC, and therefore denies those allegations.

9.      Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 9 of the FAC, and therefore denies those allegations.

10.     Coinbase admits Exhibits A through G of the FAC appear to be publications of some sort, but Coinbase lacks sufficient knowledge or information to admit or deny what exactly is contained in Exhibits A though G, and therefore denies the allegations set forth in Paragraph 10.

11.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 11 of the FAC, and therefore denies those allegations.

12.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 12 of the FAC, and therefore denies those allegations.

13.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 13 of the FAC, and therefore denies those allegations.

14.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 14 of the FAC, and therefore denies those allegations.

15.     Coinbase admits Exhibit I of the FAC appears to show a selection of social network channels. Except as otherwise admitted, Coinbase lacks sufficient knowledge or information to

form a belief as to the allegations set forth in Paragraph 15 of the FAC, and therefore denies those allegations.

16.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 16 of the FAC, and therefore denies those allegations.

17.     Coinbase admits Exhibit J of the FAC appears to be a selection of pages from a website. Except as otherwise admitted, Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 17 of the FAC, and therefore denies those allegations.

18.     Coinbase admits Exhibit K of the FAC appears to be a selection of pages from a website. Except as otherwise admitted, Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 18 of the FAC, and therefore denies those allegations.

19.     Denied.

20.     Paragraph 20 contains a summary of Exhibit M. Coinbase admits that Exhibit M appears to be a September 7, 2021 email exchange that occurred between a Coinbase entity and Nanolabs.  Exhibit M speaks for itself.

21.     Coinbase admits that Paragraph 21 appears to paraphrase portions of Exhibit N. Coinbase lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 21, and therefore denies those allegations.

22.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 22 of the FAC, and therefore denies those allegations.

23.     Coinbase admits that Paragraph 23 appears to paraphrase portions of Exhibit P. Coinbase lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 23, and therefore denies those allegations

24.     Denied.

25.     Paragraph 25 contains legal contentions that need not be admitted or denied. To the extent a response is required, Coinbase denies all material allegations set forth in paragraph 25.

26.    Paragraph 26 contains legal contentions that need not be admitted or denied. To the extent a response is required, Coinbase denies all material allegations set forth in paragraph 26.

27.    Paragraph 27 contains legal contentions that need not be admitted or denied. To the extent a response is required, Coinbase denies all material allegations set forth in paragraph 27.

**PLAINTIFF'S TRADEMARKS**

28.    Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 28 of the FAC, and therefore denies those allegations.

29.    Coinbase admits Exhibit Q appears to be a copy of a trademark registration certificate. Except as otherwise admitted, Coinbase denies the allegations set forth in Paragraph 29 of the FAC.

30.    Coinbase admits Exhibit R of the FAC appears to be a copy of a trademark assignment agreement. Except as otherwise admitted, Coinbase denies the allegations set forth in Paragraph 30 of the FAC.

31.    Denied.

32.    Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 32 of the FAC, and therefore denies those allegations.

33.    Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 33 of the FAC, and therefore denies those allegations.

34.    Coinbase denies that NanoLabs "owns strong common law rights in and to the word 'Nano' and a Nano stylized trademark for use in connection with a digital currency." Coinbase lacks sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 34 of the FAC, and therefore denies those allegations.

35.    This paragraph defines a term and does not require an answer. To the extent an answer is needed, Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 35 of the FAC, and therefore denies those allegations.

36.    Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 36 of the FAC, and therefore denies those allegations.

37.    Denied.

ANSWER TO FIRST AMENDED COMPLAINT
CASE NO. 3:23-CV-844

38.     Denied.

39.     Denied.

### DEFENDANT'S INFRINGING TRADEMARKS AND ACTIVITIES

40.     Coinbase admits that LMX Labs, its subsidiary, made its nano size Bitcoin futures contract available for trading on June 27, 2022. Coinbase admits Exhibit S of the FAC speaks for itself. Coinbase denies that nano size Bitcoin futures contracts are digital currency and denies the remaining allegations in Paragraph 41 of the FAC.

41.     Denied.

42.     Coinbase admits that LMX Labs, its subsidiary, made its nano size Ether futures contract available for trading on its derivative exchange on August 29, 2022. Coinbase admits Exhibit T of the FAC speaks for itself.  Coinbase denies that nano size Ether futures contracts are digital currency and denies the remaining allegations in Paragraph 42 of the FAC.

43.     Denied.

44.     Denied.

45.     Coinbase admits Exhibit U of the FAC appears to contain selected pages from a Coinbase website. Coinbase denies the remaining allegations in Paragraph 45 of the FAC.

46.     Coinbase admits Exhibit U contains selected website pages, which describe certain future contract sizes as "nano." Coinbase denies the remaining allegations in Paragraph 46 of the FAC.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Denied.

55.     Coinbase admits Plaintiff is not affiliated with Coinbase, or its subsidiaries and that the U.S. Securities and Exchange Commission filed a complaint against Coinbase. Coinbase denies the remaining allegations in Paragraph 55 of the FAC.

56.     Denied.

**FIRST CAUSE OF ACTION**

**Federal Trademark Infringement [Lanham Act, 15 U.S.C. § 1114]**

57.     Coinbase incorporates by references its responses to Paragraphs 1 through 56 of the FAC as if set forth fully herein.

58.     Denied.

59.     Denied.

60.     Paragraph 60 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 60 of the FAC and denies that NanoLabs is entitled to any recovery or relief.

61.     Paragraph 61 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 61 of the FAC and denies that NanoLabs is entitled to any recovery or relief.

**SECOND CAUSE OF ACTION**

**False Designation of Origin [Lanham Act, 15 U.S.C. § 1125(a)]**

62.     Coinbase incorporates by references its responses to Paragraphs 1 through 61 of the FAC as if set forth fully herein.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Paragraph 69 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 69 of the FAC and denies that NanoLabs is entitled to any recovery or relief.

<u>THIRD CAUSE OF ACTION</u>

**California Common Law Trademark Infringement**

70.     Coinbase incorporates by references its responses to Paragraphs 1 through 69 of the FAC as if set forth fully herein.

71.     Paragraph 71 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 71 of the FAC and denies that NanoLabs is entitled to any recovery or relief.

<u>FOURTH CAUSE OF ACTION</u>

**Unfair Business Practices [Cal. Bus. & Prof. Code § 17200 et esq.]**

72.     Coinbase incorporates by references its responses to Paragraphs 1 through 71 of the FAC as if set forth fully herein.

73.     Paragraph 73 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 73 of the FAC.

74.     Coinbase lacks sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 74 of the FAC, and therefore denies those allegations.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Paragraph 79 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 79 of the FAC and denies that NanoLabs is entitled to any recovery or relief.

80.     Paragraph 80 of the FAC contains legal conclusions to which no response by Coinbase is required. To the extent a response is required, Coinbase denies the allegations of Paragraph 80 of the FAC and denies that NanoLabs is entitled to any recovery or relief.

### PRAYER FOR RELIEF

Coinbase denies the allegations in Paragraphs 1 through 10 in the "Prayer for Relief" section of the FAC. Coinbase further denies that Plaintiff is entitled to any of the relief that it seeks through the FAC.

### DEFENSES

As affirmative, separate, and other defenses to the FAC asserted against Coinbase, Coinbase states as follows, without assuming the burden of proof on matters where it has no such burden. In doing so, Coinbase specifically reserves the right to restate, re-evaluate, or recall any defenses and to assert additional defenses based on information learned or obtained during discovery.

### First Defense – Failure to State a Claim

The FAC fails to state a claim upon which relief may be granted.

### Second Defense – Nano is Descriptive

Plaintiff's claims are barred in whole or in part, because "nano" is descriptive for the goods and services it offers. Plaintiff's proposed use for its digital currency is in connection with microtransactions, and "nano" like "micro" is another way to describe something that is small in size. Plaintiff has not built up the necessary goodwill to established secondary meaning in this descriptive terminology. Therefore, "nano" does not function as a trademark for Plaintiff, Plaintiff has no exclusive rights in or to "nano" that can be enforced against Coinbase, and Plaintiff's Nano Registration should be cancelled.

### Third Defense – Fair Use

Plaintiff's claims are barred because the use of the term "nano" to describe the size of a futures contract is a classic fair use. As Plaintiff's own exhibit to its FAC shows, the use of the term is to describe the size of futures contracts, not just for cryptocurrency, but also as a size option for Bloomberg US Large Cap Index contracts, and SuperTech contracts. *See* FAC, Ex. U. Under the Lanham Act, 15 U.S.C. § 1115(b)(4), a party makes fair use where (1) the term is not used as a

9

trademark, (2) the term is "used fairly and in good faith," and (3) the term is used to describe the party's goods.

Here, all three elements are met. As indicated, the use of the term "nano" is not as a trademark but for its commonly understood meaning. In this case, "nano" is used in good faith to describe size. As evidenced by the exhibits to the FAC, the term "nano" is used, along with "micro", to describe the size of various futures contracts offered. Because the term "nano" is fairly used to describe products, fair use serves as a complete affirmative defense to Plaintiff's claims of infringement.

**Fourth Defense – Unclean Hands**

Some or all of the relief sought by Plaintiff is barred under the doctrine of unclean hands in that NanoLabs has engaged in inequitable behavior, including bad faith, related to the subject matter of its claims.

In particular, Plaintiff is misusing a trademark registration in an attempt to monopolize and/or wrongly restrict use of a common word in the English language.

Upon information and belief, Plaintiff's intention is to derive economic benefit by using a trademark registration to preclude accurate descriptions of size, which is not the proper use for a trademark registration.

**Fifth Defense – Acquiescence**

Plaintiff's claims against Coinbase are barred, in whole or in part, by the equitable doctrine of acquiescence, based on Plaintiff's conduct, including Plaintiff's prior non-objection to use of the allegedly infringing mark, which conduct was prejudicial to Coinbase.

**Sixth Defense – Failure to Mitigate**

Plaintiff's claims are barred, in whole or in part, because NanoLabs failed to mitigate any alleged injury or damages suffered by NanoLabs, if any.

**Additional Defenses**

Coinbase reserves the right to assert additional defenses based on information learned or obtained during discovery.

WHEREFORE, for the foregoing reasons Coinbase respectfully requests that this Court dismiss this action in its entirety, with prejudice; that Coinbase be awarded its attorney's fees and costs; and that Coinbase be awarded such further relief as this Court deems just and proper.

Dated:  June 22, 2023                    **DLA PIPER LLP (US)**

By:  */s/ Gina Durham*
GINA DURHAM
AISLINN N. SMALLING
KRISTINA M. FERNANDEZ MABRIE

*Attorneys for Defendant/Counterclaimant*
*Coinbase Global, Inc.*

11